**Anderson & Karrenberg**
Thomas R. Karrenberg, #3726
Jon V. Harper, #1378
50 West Broadway, Ste 700
Salt Lake City, Utah 84101-2006
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Levine, Steinberg, Miller & Huver**
Harvey R. Levine
Richard Huver
550 West C Street, Suite 1810
San Diego, California 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

**Milberg Weiss Bershad Hynes & Lerach, LLP**
Leonard B. Simon
Elizabeth Arleo
600 West Broadway
1800 One America Plaza
San Diego, California 92101-3356
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

**Attorneys for Plaintiff**

## IN THE UNITED STATED DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PANCHO DEWHURST**, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **SWATCH AG**, a Swiss corporation; ) <br> **THE SWATCH GROUP (U.S.), INC.**, ) <br> a Delaware corporation; **GEMPLUS** ) <br> **S.C.A.**, a corporation; **GEMPLUS** ) <br> **CORP.**, a corporation; **SKIDATA A.G.**, ) <br> a corporation; **SKIDATA AMERICA**, ) <br> **INC.**, a corporation; and DOES 1 ) <br> through 500, ) <br> ) <br> Defendants. ) | **AMENDED COMPLAINT** <br> **(Jury Trial Demanded)** <br><br> Civil No. 2:99CV-0951C <br> Magistrate Judge Samuel Alba |

Plaintiff hereby complains against Swatch AG, the Swatch Group (U.S.), Inc., Gemplus S.C.A., Gemplus Corp., SkiData AG and SkiData America, Inc., and alleges as follows:

## INTRODUCTION

Plaintiff is a highly skilled professional snowboarder best known for his unique "Pancho Air" maneuver -- a double back flip in the air.

Without Plaintiff's consent, Defendants have misappropriated a time-lapsed photographic image of Plaintiff performing the "Pancho Air" maneuver and have published the photograph in connection with the commercial promotion of Defendants' Swatch Access Program in Utah, as well as in other parts of North America and in Europe. Defendants' use of the photograph creates the false or misleading impression that Plaintiff sponsors, approves or endorses the Swatch Access Program. Moreover, Plaintiff's identity and unique and distinctive image, represented by his "Pancho Air" maneuver, have commercial value, which Plaintiff has the right to control. Nevertheless, Defendants blatantly and tortiously have misappropriated what is not theirs -- Plaintiff's identity and unique image.

In this action, Plaintiff seeks to enjoin Defendants' willful and malicious misappropriation and false endorsement, and to recover damages representing the fair market value of his endorsement and the injury to the goodwill and future publicity value of his identity and unique and distinctive image, including an award of up to three times his actual damages under the Lanham Act, his attorneys' fees and costs, and punitive or exemplary damages.

## PARTIES

1.      Plaintiff is a citizen of the state of California.

2.      Plaintiff is informed and believes that Defendant Swatch AG ("Swatch AG") is a foreign corporation with a United States subsidiary (The Swatch Group (U.S.), Inc.) incorporated under the laws of Delaware and located at 1200 Harbor Boulevard, in Weehawken, New Jersey.

3.      Plaintiff is informed and believes that Defendant Gemplus, S.C.A. ("Gemplus") is a French corporation with its principal place of business located at Parc d'Activities de Gemenos B.P. 100-13881 Gemenos, Cedex, France. Gemplus' U.S. subsidiary, Gemplus Corp., is a Delaware corporation with its principal place of business at 3 Lagoon Drive, Site 300, Redwood City, California 94065.

4.      Plaintiff is informed and believes that Defendant SkiData A.G. ("SkiData"), a subsidiary of Gemplus, has patented contact-less technology that allows watches to transmit and receive data remotely, enabling users to pass close to a sensor rather than inserting a pass in a reader. SkiData's U.S. subsidiary, SkiData America, Inc., is located at 5777 West Century Blvd., Los Angeles, California, 90045.

5.      Plaintiff currently is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the defendants sued herein as DOES 1 through 500, inclusive. Plaintiff will seek leave of Court to amend this Complaint to allege the true names and capacities of the DOE defendants when such information has been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the DOE defendants sued herein is legally responsible in some manner for the statutory violations and/or unlawful actions

alleged herein. Unless otherwise stated, the term "Defendants" refers to all defendants named in this Complaint, and each of them, including DOE defendants.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (federal jurisdiction over trade-mark claims), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8. Plaintiff is a highly skilled and accomplished professional snowboarder. For the past approximately ten years, Plaintiff has received widespread publicity both nationally and internationally through skiing and snowboarding magazine articles and photographs. He has been filmed and interviewed through television programs on ESPN, MTV, VH-1 and Outdoor Life Network. Plaintiff has participated in snowboarding videos and has won numerous first-place prizes in snowboarding competitions in North America and Europe.

9. Plaintiff is best known for his unique "Pancho Air" maneuver in which he executes a double back flip in the air. This maneuver is so difficult to perform that only a couple of other professional snowboarders have been able to duplicate it during the nine years or so since Plaintiff created it.

10. On information and belief, Defendants have collaborated to develop, produce and/or promote a commercial product referred to in this Complaint as "the Swatch Access Program." The Swatch Access Program enables skiers and snowboarders to purchase Swatch watches that also serve as ski passes, permitting access to ski lifts without the need to purchase

and wear actual ski passes. The watches incorporate an electronic "purse" that allows skiers to pay for the ski lift without removing their gloves or putting their hand into their pocket. When the watch is passed near the sensor, the electronic "purse" incorporated into the watch is debited with the cost of the ride and allows the skier to pass through the gate.

11. Defendants' Swatch Access Program is available at compatible ski resorts in the United States (including at the Solitude ski resort in Utah), Canada and Europe.

12. Defendants have misappropriated a time lapse photograph taken of Plaintiff performing the unique "Pancho Air" maneuver (the "Pancho Air Photograph") and have used that photograph in the commercial context of advertising the Swatch Access Program within the United States (including in Utah), Canada and Europe. A copy of the Pancho Air Photograph is attached hereto as Exhibit "A." A copy of a photograph taken of a display advertising the Swatch Access Program at the South Towne Center mall in Sandy, Utah, is attached hereto as Exhibit "B". A copy of an advertisement appropriating the Pancho Air Photograph to advertise the Swatch Access Program outside the United States is attached hereto as Exhibit "C".

13. Defendants are using the Pancho Air Photograph without the consent of Plaintiff.

## COUNT ONE

### (Violation of Lanham Act -- 15 U.S.C. § 1125)

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 above.

15. In connection with marketing their Swatch Access Program in Utah and elsewhere in the United States and internationally, including but not limited to, Canada and Europe, Defendants have used the Pancho Air Photograph in commerce for commercial purposes, and have willfully intended to trade on Plaintiff's reputation and his unique "Pancho Air" maneuver.

16. Such use of the Pancho Air Photograph by Defendants is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiff with the Swatch Access Program, or as to the sponsorship or approval of the Swatch Access Program by Plaintiff.

17. Through such use, Defendants have violated 15 U.S.C. § 1125(a).

18. As a result of Defendants' violation of 15 U.S.C. § 1125(a), Plaintiff has suffered and will continue to suffer loss of royalties and profits, and loss of good will and injury to the future publicity value of his unique "Pancho Air" maneuver. Moreover, Defendants have been unjustly enriched as a result of their false endorsement of the Swatch Access Program through their unauthorized use of the Pancho Air Photograph and failure to pay Plaintiff for their use of the Pancho Air Photograph in Utah and elsewhere in the United States and internationally.

19. Plaintiff is entitled to an injunction against Defendants' commercial use of the Pancho Air Photograph and to obtain such other relief as is appropriate under the Lanham Act,

including, but not limited to, an award of damages in the amount of three times the amount of his actual damages, and attorneys' fees and costs.

### COUNT TWO

**(Violation of Utah's Abuse of Personal Identity Act -- Utah Code Ann. § 43-3-1 et seq.)**

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 above.

21. In connection with marketing and advertising their Swatch Access Program in Utah and elsewhere in the United States and internationally, including but not limited to, Canada and Europe, Defendants have willfully, intentionally, knowingly or with reckless disregard of the rights of Plaintiff used the Pancho Air Photograph in a manner that expresses or implies that Plaintiff approves, endorses, has endorsed or will endorse the Swatch Access Program.

22. Defendants have not obtained the consent of Plaintiff for such use of the Pancho Air Photograph.

23. Through such use, Defendants have violated Utah Code Ann. § 43-3-1 et seq.

24. As a result of Defendants' violation of Utah Code Ann. § 43-3-1 et seq., Plaintiff has suffered and will continue to suffer loss of royalties and profits, and loss of good will and injury to the future publicity value of his unique "Pancho Air" maneuver. Moreover, Defendants have been unjustly enriched as a result of their false endorsement of the Swatch Access Program through their unauthorized use of the Pancho Air Photograph and failure to pay Plaintiff for their use of the Pancho Air Photograph in Utah and elsewhere in North America and Europe.

25. Plaintiff is entitled to an injunction against Defendants' commercial use of the Pancho Air Photograph and to obtain such other relief as is appropriate under Utah's Abuse of Personal Identity Act, including his damages, exemplary damages, and attorneys' fees and costs.

## COUNT THREE

### (Invasion of Common Law Right of Privacy and to Publicity)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above.

27. In connection with marketing and advertising their Swatch Access Program in Utah and elsewhere in the United States and internationally, including but not limited to, Canada and Europe, Defendants have misappropriated to their own use or benefit Plaintiff's identity and image as represented by Plaintiff's unique "Pancho Air" maneuver. Defendants' misappropriation of Plaintiff's image has been without the consent of Plaintiff.

28. Defendants' unauthorized use of the Pancho Air Photograph is intended to imply Plaintiff's endorsement of the Swatch Access Program, to promote the Swatch Access Program, and to increase sales of the Swatch Access Program.

29. Defendants' misappropriation of Plaintiff's identify and image constitutes a tortious invasion of Plaintiff's right of privacy and to publicity.

30. As a direct and proximate cause of Defendants' tortious conduct, Plaintiff has suffered and will continue to suffer loss of royalties and profits, loss of good will and injury to the future publicity value of his unique "Pancho Air" maneuver, and mental distress. Moreover, Defendants have been unjustly enriched as a result of their false endorsement of the Swatch Access Program through their unauthorized use of the Pancho Air Photograph and

failure to pay Plaintiff for their use of the Pancho Air Photograph in Utah and elsewhere in North America and Europe.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief against Defendants as follows:

1.  Under Count One -- the Lanham Act -- against Defendants individually and severally as follows:

    a.  For an injunction against Defendants' commercial use of the Pancho Air Photograph in connection with the Swatch Access Program;

    b.  For an award of damages in favor of Plaintiff in the amount of Defendants' profits earned through the Swatch Access Program in Utah and elsewhere in the United States and internationally;

    c.  For an award of damages in favor of Plaintiff based on the economic injury Plaintiff has suffered as a result of Defendants' false endorsement in Utah and elsewhere in the United States and internationally;

    d.  For an award of damages in the amount of three times the actual damages incurred by Plaintiff as a result of Defendants' false endorsement;

    e.  For an award of exemplary damages;

    f.  For an award of attorneys' fees and costs incurred in prosecuting this action; and

       g.    For such other and further relief as the Court deems equitable and just.

2.    Under Count Two -- Utah's Abuse of Personal Identity Act -- against Defendants individually and severally as follows:

       a.    For an injunction against Defendants' commercial use of the Pancho Air Photograph in connection with the Swatch Access Program;

       b.    For an award of damages in favor of Plaintiff in the amount of Defendants' profits earned through the Swatch Access Program in Utah and elsewhere in the United States and internationally;

       c.    For an award of damages in favor of Plaintiff based on the economic injury Plaintiff has suffered as a result of Defendants' abuse of Plaintiff's personal identity in Utah and elsewhere in the United States and internationally;

       d.    For an award of exemplary damages;

       e.    For an award of attorneys' fees and costs incurred in prosecuting this action; and

       f.    For such other and further relief as the Court deems equitable and just.

3.    Under Count Three – Invasion of Common Law Right of Privacy and to Publicity -- against Defendants individually and severally as follows:

a. For an injunction against Defendants' commercial use of the Pancho Air Photograph in connection with the Swatch Access Program;

b. For an award of damages in favor of Plaintiff in the amount of Defendants' profits earned through the Swatch Access Program in Utah and elsewhere in the United States and internationally;

c. For an award of damages in favor of Plaintiff for the harm to his interest in privacy resulting from the invasion, for his mental distress resulting from the invasion, and for special damages of which the invasion is a legal cause;

d. For an award of exemplary damages; and

e. For such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter on all issues so triable.

DATED: 3-1, 2001.

Thomas R. Karrenberg
Jon V. Harper
Anderson & Karrenberg
50 West Broadway, Suite 700
Salt Lake City, Utah 84101-2006

11

Harvey R. Levine
Levine, Steinberg, Miller & Huver
550 West C Street, Suite 1810
San Diego, California 92101-8596

Leonard B. Simon
Milberg Weiss Bershad Hynes & Lerach, LLP
600 West Broadway
1800 One America Plaza
San Diego, California 92101-3356

**Attorneys for Plaintiff**

**Plaintiff's Address:**
Pancho Dewhurst
537 Fern Glen
La Jolla, California 92037

## CERTIFICATE OF SERVICE

I hereby certify that I am a member of and/or employed by the law firm of Anderson & Karrenberg, 50 West Broadway, Suite 700, Salt Lake City, Utah 84101, and that on the 1st day of March, 2001, I caused a true and correct copy of the foregoing **Amended Complaint** to be served, via the method identified below, upon:

### Via Hand Delivery

>Julie K. Morriss
>**Morriss, Bateman, O'Bryant & Compagni**
>5882 South 900 East, Suite 300
>Salt Lake City, Utah 84121

### Via U.S. Mail, Postage Prepaid

>Jess M. Collen
>**Collen Law Associates**
>1 Scarborough Station Plaza
>Scarborough, New York 10510-0806

>Kent O. Roche
>**Parsons Behle & Latimer**
>201 South Main Street, Suite 1800
>Salt Lake City, Utah 84145

*[Signature: Michelle R. Smmes]*